## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **)** |
| | **)** |
| | **)** |
| **v.** | **)** **2:17-cr-00119-JDL** |
| | **)** |
| **HADELYN RICHARDSON,** | **)** |
| | **)** |
| **Defendant.** | **)** |

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Hadelyn Richardson, who is proceeding pro se in this matter, pleaded guilty to one count of possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 2022) on January 30, 2018.  He was sentenced on June 20, 2018, to a term of imprisonment of 72 months to be followed by a term of supervised release of four years.  Richardson argues in his motion for compassionate release (ECF No. 76) dated December 14, 2021, that an extraordinary and compelling reason exists for a reduced term of imprisonment under 18 U.S.C.A. § 3582(c)(1)(A)(i) (West 2022) because he suffers from a rare disease that exposes him to increased risk of severe illness from COVID-19.  The alleged disease is right-sided headaches that produce dizziness, blurring, and pain in his right ear.

I previously determined (ECF No. 77) that Richardson had not demonstrated an extraordinary and compelling reason for his release because he had not offered any documentation of his alleged condition and because the risks associated with COVID-19 have been substantially reduced because of the widespread availability of vaccines in the Bureau of Prisons.  I therefore ordered Richardson to submit a written response showing cause as to why his petition should not be denied.  In Richardson's

response (ECF No. 79), he indicates that medical records that he has filed under seal state that the combination of his condition and the COVID-19 pandemic present an extraordinary and compelling reason for his early release.

The relevant medical records indicate that Richardson sought medical treatment once in 2016 for left-sided headaches that were sometimes accompanied by dizziness, and that he had been experiencing the headaches for three years. A doctor provided osteopathic manipulation as treatment and concluded that a possible diagnosis was occipital neuralgia caused by the entrapment of the occipital nerve due to muscle tension. Richardson was advised to return if his symptoms continued, and the records do not show that Richardson ever sought additional treatment. The records do not address whether a headache condition like the one Richardson suffered from would create an elevated risk of severe illness from COVID-19. Nor do they state (as Richardson represents that they do) that the combination of his prior headache condition and the COVID-19 pandemic amounts to an extraordinary and compelling reason for his early release.

I have also reviewed the 2021 and 2022 medical records from the Bureau of Prisons submitted by the Government. These records do not mention Richardson's alleged headache condition and do not indicate that he sought additional treatment for it after his 2016 doctor's appointment. The Bureau of Prison medical records are consistent with the 2018 Presentence Investigation Report, which indicated that Richardson stated that he was in excellent physical health with no present medical problems.

"The movant bears the burden of proving that he is entitled to a sentence reduction, and 'the Court has broad discretion in deciding whether to grant or deny a motion for sentence reduction.'" *United States v. Slater*, 547 F. Supp. 3d 58, 70 (D. Me. 2021) (quoting *United States v. Curtis*, No. 1:14-cr-00140, 2020 WL 3104043, at *5 (D. Me. June 11, 2020)).  Richardson has not demonstrated an extraordinary and compelling reason to support his release.  The fact that he sought medical help once for left-sided headaches in 2016 does not establish that he is currently suffering from that same condition, let alone the right-sided headaches alleged in his motion. Further, his doctor advised him in 2016 to return if his symptoms persisted, yet Richardson has not presented any evidence that he sought additional treatment. Instead, Richardson reported that he was in good health in 2018.  There is also no evidence that the complained-of condition would put Richardson at increased risk of severe illness from COVID-19.  Finally, it remains true that the risks associated with COVID-19 have been substantially reduced because of the widespread availability of vaccines in the Bureau of Prisons.

Accordingly, it is **ORDERED** that Richardson's Motion for Compassionate Release (ECF No. 76) is **DENIED**.

**SO ORDERED.**

Dated:  June 7, 2022

_____/s/ JON D. LEVY_____
**CHIEF U.S. DISTRICT JUDGE**